# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALBERTO CASTILLO,<br><br>                   Petitioner,<br><br>v.<br><br>ROBERTO ARIAS, Warden, et al.,<br><br>                   Respondents. | Case No.: 24-CV-303 JLS (AHG)<br><br>**ORDER CONSTRUING PETITION AS FILED PURSUANT TO 28 U.S.C. § 2254 AND DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(ECF Nos. 1, 2) |

Petitioner Juan Alberto Castillo, a California state prisoner proceeding pro se and serving a sentence arising from a San Diego County Superior Court conviction, has filed a Petition for a Writ of Habeas Corpus ("Pet.," ECF No. 1) pursuant to 28 U.S.C. § 2241. Petitioner has also filed a Motion to Proceed *In Forma Pauperis* ("Mot.," ECF No. 2). Petitioner challenges a disciplinary proceeding that he contends has lengthened his sentence. *See generally* Pet.

Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state prisoner attacking the validity of a state court judgment. Petitioner may thus not proceed under § 2241. Instead, he can only proceed with a habeas action in federal court under 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1006–07 (9th Cir. 2004) (holding § 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in

/ / /

1  custody pursuant to a state court judgment"). As the Ninth Circuit has explained,

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction."

*Id*. at 1006 (alteration in original) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). Accordingly, the Court will construe the Petition as one filed pursuant to § 2254.

A request to proceed *in forma pauperis* ("IFP") made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Plaintiff has submitted the required certificate, which reflects a balance of $17.96 in his prison trust account. *See* Mot. at 3–5. The filing fee associated with this type of action is $5.00. *See* 28 U.S.C. § 1914(a).

Because it appears from the certified trust account statement that Petitioner can pay the requisite filing fee, the Court **DENIES WITHOUT PREJUDICE** the Motion to Proceed IFP (ECF No. 2). Consequently, this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner paying the filing fee or submitting adequate proof of his inability to do so on or before March 20, 2024.

**IT IS SO ORDERED.**

Dated: February 20, 2024

Hon. Janis L. Sammartino
United States District Judge